IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRANT S. PARKINSON et al.,

    Plaintiffs,          No. CIV S-09-2257 DAD P

    vs.

BUTTE COUNTY
SHERIFF'S DEP'T et al.,

    Defendants.        ORDER TO SHOW CAUSE

/

        Plaintiffs, Butte County Jail inmates, are proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiffs have paid the filing fee.

        On February 11, 2010, the court ordered plaintiffs to file a status report within 90 days of the date of the order.  The court cautioned both parties that failure to file a status report may result in the imposition of sanctions, including the dismissal of the action and preclusion of issues or witnesses.  The 90-day period has since expired and plaintiffs' counsel has not filed a status report or otherwise responded to the court's February 11, 2010 order.

---

[1] Only plaintiff Grant S. Parkinson is named in the complaint, which also identifies "plaintiffs Roes 1 through 10 " as "inmates who have been physically and mentally abused, assaulted and battered by correctional officers while inmates as the County Jail and/or not provided medical care for their injuries or monitoring for ongoing medical conditions." (Compl. at 1.)  This naming of "Roe" plaintiffs will be addressed by the court following the filing of plaintiffs' status report.

1

1         Good cause appearing, IT IS HEREBY ORDERED that within twenty-one days of
2 the date of this order, plaintiffs shall file and serve a status report explaining the following:
3         1. Whether this matter is ready for trial and, if not, why not;
4 /////
5         2. Whether additional discovery is deemed necessary.  If further discovery is
6 deemed necessary, the party desiring it shall state the nature and scope of the discovery and
7 provide an estimate of the time needed in which to complete it;
8         3. Whether a pretrial motion is contemplated.  If any such motion is
9 contemplated, the party intending to file it shall describe the type of motion and shall state the
10 time needed to file the motion and to complete the time schedule set forth in Local Rule 230;
11         4. A narrative statement of the facts that will be offered by oral or documentary
12 evidence at trial;
13         5. A list of all exhibits to be offered into evidence at the trial of the case;
14         6. A list of the names and addresses of all witnesses the party intends to call;
15         7. A summary of the anticipated testimony of any witnesses who are presently
16 incarcerated;
17         8. The time estimated for trial;
18         9. Whether either party still requests trial by jury;
19         10. When the so-called "Roe" plaintiffs referred to in the complaint should be
20 identified or be subject to dismissal; and
21         11. Any other matter, not covered above, which the party desires to call to the
22 attention of the court.
23 /////
24 /////
25 /////
26 /////

Plaintiffs' counsel shall also show cause in writing why sanctions should not be imposed for the failure to timely file and serve a status report in accordance with the court's February 11, 2010 order.

DATED: May 25, 2010.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
park2257.46