IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRANT S. PARKISON, JR.,

    Plaintiff,                      No. CIV S-09-2257 MCE DAD P

    vs.

BUTTE COUNTY SHERIFF'S      ORDER SETTING STATUS
DEPT., et al.,      (PRETRIAL SCHEDULING)
                                        CONFERENCE
    Defendants.
                                  /

        Plaintiffs, Butte County Jail inmates, are proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs have paid the filing fee. Service or process has been completed and answers have been filed on behalf of all defendants. Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), IT IS ORDERED that:

        1. A Status (Pretrial Scheduling) Conference is set for **October 29, 2010, at 11:00 a.m.**, in Courtroom No. 27, before Magistrate Judge Dale A. Drozd.

        2. Counsel on behalf of each party shall appear at the Status Conference. Any party may make the required appearance either in person or telephonically. To arrange telephonic appearance, the party shall contact Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128 no later than 48 hours before the Status (Pretrial Scheduling) Conference.

       3.  Plaintiff shall file and serve a status report on or before **October 15, 2010,** and defendants shall file and serve status reports on or before **October 22, 2010**.  Each status report shall address all of the following matters:

       a.      Progress of service of process;

       b.      Possible joinder of additional parties;

       c.      Possible amendment of the pleadings;

       d.      Jurisdiction and venue;

       e.      Anticipated motions and the scheduling thereof;

       f.      Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

       g.      Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

       h.      Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

       i.      Whether the case is related to any other case, including matters in bankruptcy;

       j.      Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualification by virtue of his so acting, or whether they prefer to have a Settlement Conference before another magistrate judge;

       k.      Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

       l.      Any other matters that may aid in the just and expeditious disposition of this action.

       4.  Failure to file a timely status report or a failure to appear at the status conference, either in person or telephonically, may result in a recommendation that this case be

/////

/////

1  dismissed for lack of prosecution and as a sanction for failure to comply with court orders and
2  applicable rules.  <u>See</u> Local Rules 110 and 183.
3  DATED: September 23, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
park2257.41aty